IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHERRY LOUISE STALNAKER,

        Plaintiff,

v.                    //   CIVIL ACTION NO. 1:15CV160
                                (Judge Keeley)

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.


MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17]

Pending before the Court is the Report and Recommendation ("R&R") of the Honorable Robert W. Trumble, United States Magistrate Judge (Dkt. No. 17), regarding the parties' competing motions for summary judgment. For the reasons that follow, the Court **ADOPTS** the R&R, **GRANTS** the Commissioner's motion for summary judgment, **DENIES** Stalnaker's motion for summary judgment, and **DISMISSES** this case **WITH PREJUDICE**.

## I. BACKGROUND

On August 15, 2011, Stalnaker protectively filed a Title II claim for disability and disability insurance benefits ("DIB"). (Dkt. No. 7-2 at 16). Subsequently, on August 17, 2011, Stalnaker

1

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17]**

protectively filed a Title XVI claim for supplemental security income ("SSI") benefits. Id. In both applications, Stalnaker alleges that, on June 1, 2011, she became disabled, rendering her unable to work due to the following ailments: (1) Graves' disease; (2) fibromyalgia; (3) degenerative disc disease; (4) hypertension; (5) chronic fatigue; (6) sciatic nerve; (7) depression; (8) diabetes mellitus; (9) acid reflux disease; (10) back and hip impairments; and (11) vision impairments. Id. at 25. Stalnaker's claim was initially denied on November 2, 2011, and denied again on May 15, 2012, after which she filed a written request for a hearing. (Dkt. No. 11 at 69, 92, 106-07).

On October 25, 2013, a hearing was held before United States Administrative Law Judge Karl Alexander ("the ALJ") in Morgantown, West Virginia. (Dkt. No. 7-2 at 16). Stalnaker, appeared and testified at the hearing, as did Larry Ostrowski, an impartial vocational expert. On March 27, 2014, the ALJ issued a decision unfavorable to Stalnaker, finding that she was not disabled within the meaning of the Social Security Act. Id. at 13. On August 5, 2015, the Appeals Council denied Stalnaker's request for review, rendering the ALJ's decision the final decision of the Commissioner. Id. at 2.

Pursuant to 42 U.S.C. § 405(g), Stalnaker filed a complaint in

this Court to obtain judicial review of the Commissioner's final decision. (Dkt. No. 1). On November 20, 2015, the Commissioner filed an answer and a copy of the Administrative Record of the proceedings. (Dkt. No. 6 & 7). On December 18, 2015, Stalnaker filed her motion for summary judgment with a supporting memorandum. (Dkt. No. 10 & 11). Subsequently, the Commissioner filed her own motion for summary judgment and supporting memorandum on January, 14, 2016. (Dkt. No. 14 & 15). On January 25, 2016, Stalnaker filed a response to the Commissioner's motion. (Dkt. No. 16).

Pursuant to 28 U.S.C. § 636(b)(1)(B)(2012), Fed. R. Civ. P. 72(b), and LR Civ. P. 9.02(a) the Court referred this matter to Magistrate Judge Trumble for a Report and Recommendation ("R&R"). Magistrate Judge Trumble's R&R, issued on May 10, 2016, recommends that Stalnaker's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the decision of the Commissioner be affirmed. (Dkt. No. 17). Stalnaker objected to the R&R on May 20, 2016, (Dkt. No. 18), and the Commissioner responded on May 23, 2016. (Dkt. No. 19).

## II. STANDARD OF REVIEW

### A.    Review of the Report and Recommendation

Pursuant to 28 U.S.C. § 636 (b)(1)(C) (2012), this Court must

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 17]**

conduct a <u>de</u> <u>novo</u> review of any portions of a magistrate judge's
R&R to which objections have been filed. The Court need not conduct
a <u>de</u> <u>novo</u> review, however, when a party makes only "general and
conclusory objections that do not direct the court to a specific
error in the Magistrate's proposed findings and recommendations."
<u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). In the absence
of a specific objection, the Court will only review the magistrate
judge's conclusions for clear error. <u>Diamond v. Colonial Life &</u>
<u>Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

**B.    Review of the Commissioner's Final Decision**

This Court's review of a final decision regarding disability
benefits is limited to determining whether the ALJ's findings are
supported by substantial evidence, <u>see</u> <u>Richardson v. Perales</u>, 402
U.S. 389, 390 (1971), and whether the ALJ applied the correct law.
<u>See</u> 42 U.S.C. § 405(g) (2012); <u>Stricker v. Colvin</u>, No. 2:15CV15,
2016 WL 543216, at *1 (N.D.W.Va. Feb. 10, 2016). "Substantial
evidence" means "more than a mere scintilla" of evidence and is
that which a "reasonable mind might accept as adequate to support
a conclusion." <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir.
1990) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)
(internal quotation marks omitted)). Further, the "possibility of

drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Conolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966) (internal quotation marks omitted)).

The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence, and was reached based upon a correct application of the relevant law. See Mayer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). In reviewing for substantial evidence, the Court does "not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ's]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Rather, it is the province of the ALJ reviewing the case to make findings of fact and to resolve conflicts in the evidence. See King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). If substantial evidence exists to support the ALJ's findings, and the correct legal standard was applied, then the conclusion must be affirmed. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

### III. Applicable Law

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2012). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (I) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

> [Before the fourth step, the [residual functional capacity, or RFC] of the claimant is evaluated "based on

all the relevant medical and other evidence in your case record . . . ."]

(iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (2016); 20 C.F.R. § 416.920 (2016). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. See Richardson, 574 F.2d at 804. Once the claimant meets this burden, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. See Hicks v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968). If the ALJ determines that the claimant is either disabled or not disabled at any of the five steps, the process ceases moving forward. 20 C.F.R. § 404.1520 (2016); 20 C.F.R. § 416.920 (2016).

## IV. DISCUSSION

After careful consideration of the record, motions, and R&R,

the Court finds in reviewing the portions of the R&R to which
Stalnaker filed no objections that Magistrate Judge Trumble
committed no clear error. Regarding Stalnaker's objections, the
Court finds that while specific conclusions of the magistrate judge
were noted in the text of the document, the objections themselves
are broad and non-specific. In fact, Stalnaker makes only scarce
references to the R&R itself, instead generally objecting to the
ALJ's findings. Although many of Stalnaker's objections seek
reconsideration of issues previously addressed, several
specifically challenge the magistrate judge's conclusion that the
ALJ relied on substantial evidence. For the sake of clarity, the
Court will address each objection, giving de novo review to those
portions which raise a specific objection, and clear error review
to those which reiterate issues previously addressed.

**A.    Objection 1: Whether the Magistrate Judge Erred by Allowing
the ALJ to Review Dr. Morrison's Opinion with More Scrutiny
Than that Given to Dr. Franyutti's Opinion**

Stalnaker alleges that the ALJ did not review the evidence
provided by the Social Security Administration ("SSA") examiners
with the same level of scrutiny as used to examine her treating
physician, Dr. Morrison. Specifically, Stalnaker argues that the
ALJ did not sufficiently explain his reasoning for determining that

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 17]

Dr. Franyutti's opinion deserved "great weight." (Dkt. No. 7-2 at 39).[1] Because of this alleged inequity of scrutiny, Stalnaker contends that the magistrate judge erred in concluding that the ALJ's position was supported by substantial evidence.[2]

**1.   Whether the ALJ Failed to Properly Explain his Determination that Dr. Franyutti's Opinion Deserved Great Weight**

Stalnaker argues that because the ALJ only "devoted an entire one-half paragraph" to explain why Dr. Franyutti's opinion deserved great weight, he did not apply the same level of scrutiny as applied to Dr. Morrison. (Dkt. No. 18 at 2). When evaluating medical opinions that are not entitled to controlling weight, an ALJ must consider the following factors: (1) whether the physician has examined the claimant; (2) the treatment relationship between

_____

[1]   In accordance with the requirements of 20 C.F.R. 404.1520b, the ALJ must review all of the relevant evidence, including medical opinions, before making a determination about what the evidence shows. When evidence is inconsistent or conflicting, the ALJ will "weigh" the evidence, ultimately concluding which evidence has "greater weight," or in some cases, "controlling weight," thus tipping the scale toward a conclusion of either disabled or not disabled.

[2]   In reviewing the ALJ's determination, it is also important to note that Stalnaker appears to suggest the ALJ relied solely on the opinion of Dr. Franyutti in making his determination. The Court notes, however, that the ALJ stated that his Residual Functional Capacity determination was based on "the opinions of Dr. Franyutti and Dr. Bartee <u>and the records</u> of Drs. Morrison, Kafka, and Powelson." (Dkt. No. 7-2 at 39 (emphasis added)).

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17]**

the physician and the claimant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; (5) whether the physician is a specialist; and (6) any other factor that tends to support or contradict the opinion. <u>See</u> 20 C.F.R. §§ 404.1527 & 416. 927 (2016). An ALJ is not required, however, to "recount the details of th[e] analysis [of these factors] in the written opinion." <u>Fluharty v. Colvin</u>, No. CV 2:14-25655, 2015 WL 5476145, at *12 (S.D.W.Va. Sept. 17, 2015). Rather, an ALJ must "give 'good reasons' in the [written] decision for the weight ultimately allocated to medical source opinions." <u>Id.</u> (quoting 20 C.F.R. §§ 404.1527(d)(2) (2016)).

Here, the ALJ determined that Dr. Franyutti's opinion was entitled to great weight because it was reasonable and the objective medical findings in the record supported it . While the ALJ did not perform a detailed factor-by-factor analysis, it is clear that consideration of the factors, such as supportability and consistency with the record, were guiding principles in his evaluation of Dr. Franyutti's opinion. Furthermore, once the ALJ has determined "the weight to be assigned to a medical opinion[, that determination] generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has failed to give a sufficient reason for the weight afford a

particular opinion." <u>Dunn v. Colvin</u>, 607 F. App'x 264, 267 (4th Cir. 2015). The Court concludes that the ALJ utilized the requisite factors in making a determination, and sufficiently explained how he arrived at his determination. Accordingly, the Court finds no significant discrepancy in the level of scrutiny given to the opinion of Dr. Franyutti, and, further, the ALJ's determination is supported by substantial evidence.

**2.    Whether the ALJ Erred in Determining that Dr. Morrison's Opinion Infringed on the Commissioner**

Within this objection Stalnaker also attempts to argue that Dr. Morrison's opinion did not infringe on issues reserved to the Commissioner. This argument was presented before the magistrate judge in plaintiff's motion for summary judgment. (Dkt. No. 10 at 9-10). Magistrate Judge Trumble reviewed this contention in his R&R and concluded that, even if the ALJ had erred in finding that Dr. Morrison's opinion infringed on the Commissioner's role, such an error was "harmless in nature." (Dkt. No. 17 at 34). While Stalnaker challenges the magistrate judge's conclusion that any error was harmless, her only justification for this challenge is a reiteration of an argument previously raised and addressed by the magistrate judge in his R&R. (Dkt. No. 17 at 35) Then, and now, Stalnaker alleged that finding Dr. Morrison's opinion to be in

conflict with the Commissioner's role instantly removed the opinion from being given controlling weight. <u>Compare</u> Dkt. No. 11 at 9-10 <u>with</u> Dkt. No. 18 at 2.

As previously stated, a "[g]eneral objection to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." <u>See</u> <u>Phillips v. Astrue</u>, No. 6:10-53, 2011 WL 50868551, at *2 (W.D.Va. Oct. 25, 2011) (citing <u>Veney v. Asture</u>, 539 F.Supp 841, 845 (W.D.Va. 2008)). Because Stalnaker reiterates an argument previously raised and addressed by the magistrate judge, the court need only satisfy itself that there is no clear error present. <u>See</u> Fed. R. Civ. P. 72. In the R&R, the magistrate judge determined that, regardless of whether the opinion infringed on the Commissioner, it was found undeserving of controlling weight because it was not supported by clinical medical evidence. (Dkt. No. 17 at 35). After reviewing the R&R, as well as the record, the Court finds no clear error in the magistrate judge's conclusion.

### 3. Whether the ALJ Erred in Discrediting Dr. Morrison's Opinion Regarding Stalnaker's Fibromyalgia

Stalnaker also appears to have raised an additional objection within the discussion of Objection 1. Nested in footnote 2,

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 17]

Stalnaker objects to the ALJ's discrediting of Dr. Morrison's statement that "[Plaintiff's] fibromyalgia tender points interfered with range of motion in her joints." (Dkt. No. 18, at 3, n.2) According to plaintiff's brief in support of her motion for summary judgment, because the ALJ improperly characterized the evidence surrounding her fibromyalgia, Dr. Morrison's opinion should not have been discredited. (Dkt. No. 11). While this argument was already addressed in the magistrate judge's R&R, Stalnaker asserts that the case law cited by the magistrate judge actually supports Dr. Morrison's opinion, rather than discredits it. Stalnaker's objection, however, fails to consider the entirety of the magistrate judge's findings and mischaracterizes the ALJ's conclusion. In order to bring clarity to this tangled issue, the court reviews de novo whether the ALJ's reasoning for discrediting Dr. Morrison's opinion is adequately based on substantial evidence.

Stalnaker asserts that the ALJ mischaracterized the evidence by trying "to spin the opinion into an issue of 'range of motion,'" and overlooking that Dr. Morrison's opinion was based on Stalnaker's pain. (Dkt. No. 18, at 3, n.2). In addressing this contention in his R&R, the magistrate judge cited multiple cases which found that fibromyalgia patients can retain a full range of

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17]**

motion despite still suffering pain.[3] According to Stalnaker, these cases support her argument that Dr. Morrison's opinion should not have been discounted over range of motion limitations.

Although Stalnaker is correct in characterizing these cases as showing that range of motion limitations do not equate to a lack of pain, Stalnaker fails to understand that range of motion is not the central issue driving the ALJ's analysis. The ALJ's explanation and the magistrate judge's citations were not meant to focus on range of motion or to disregard Stalnaker's pain, but rather to deal with inconsistencies between Dr. Morrison's opinion and the record. (Dkt. No. 11 at 33). It is these inconsistencies, not the range of motion limitations, that form the basis of the ALJ's reasoning for discrediting Dr. Morrison's opinion.

As stated in the ALJ's report, only limited weight was given to Dr. Morrison's opinion, "as it is not consistent with the objective medical signs and findings in the record." (Dkt. No. 11 at 33). The ALJ then outlined specific reasons, including inconsistencies related to Stalnaker's level of pain, the effectiveness of her pain medication, and the extent of her

---

[3]    See Generally Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 244 (6th Cir. 2007); Green-Younger v. Barnhart, 335 F.3d 99, 108-09 (2d Cir. 2003); Russ v. Colvin, 67 F. Supp. 3d 1274, 1279 (D. Colo. 2014).

physical limitations. (Dkt. No. 11 at 33-37). Additionally, the ALJ found further inconsistencies with Stalnaker's subjective statements and descriptions of her own symptoms, all of which led the ALJ to declare her testimony not entirely credible. (Dkt. No. 11 at 35).

When reviewing an ALJ's conclusion, it is not the Court's responsibility to re-weigh the evidence or substitute its judgment for that of the ALJ's. <u>Johnson v. Barnhart</u>, 434 F.3d 650,653 (4th Cir. 2005). Rather, the Court determines whether the ALJ's findings have provided enough analysis, supported by substantial evidence, to enable the court to "track the ALJ's reasoning." <u>McIntire v. Colvin</u>, No. 3:13-CV-143, 2015 WL 401007, at *5 (N.D.W.Va. Jan. 28, 2015). On review of his conclusion, the Court finds that the ALJ sufficiently explained his reasoning, and that such reasoning is supported by substantial evidence. Therefore, the Court affirms the ALJ's conclusion.

**B.   Objection 2: Whether the Magistrate Judge Erred by Allowing the ALJ to Cross-exam Dr. Goudy's Opinion with Less Intensity Than Dr. Bartee's Opinion**

Stalnaker contends that the magistrate judge is clearly wrong in allowing the ALJ to produce a "one-sided, intense cross examination" of the evidence that supports Dr. Goudy's opinion,

while "providing no cross-examination" of evidence that supports
Dr. Bartee's opinion. According to Stalnaker, the ALJ improperly
evaluated Dr. Goudy's opinion under the five factors listed in 20
C.F.R. §§ 404.1527 and 416.927 (2016). Specifically, Stalnaker
argues that the ALJ acted arbitrarily by relying on Dr. Morrison's
treatment notes and medical opinion, despite the fact that he is
not a mental health specialist and his opinion was previously given
limited weight.

The arguments asserted in this objection merely reiterate
prior arguments in Stalnaker's summary judgment brief. Compare Dkt.
No. 11 at 13-14 with Dkt. No. 18 at 4-5. Indeed, the objection
contains much of the same language used in plaintiff's motion for
summary judgment, and rehashes issues that the magistrate judge
addressed in the R&R. It appears Stalnaker seeks reconsideration of
her R&R arguments under the guise of objections.

An objection that reiterates arguments that have already been
presented "lack[s] the specificity required by Rule 72 and has the
same effect as a failure to object." Phillips, 2011 WL 50868551, at
*2. Because Stalnaker reiterates arguments previously addressed by
the magistrate judge, the court need only satisfy itself that there
is no clear error present. See Fed. R. Civ. P. 72. Upon review of
the R&R, as well as the record, the Court finds no clear error in

the magistrate judge's conclusion.

## V. <u>Conclusion</u>

After careful consideration, and for the reasons previously discussed, the Court

1. **ADOPTS** the R&R (Dkt. No. 17);

2. **OVERRULES** Stalnaker's objections (Dkt. No. 18)

3. **GRANTS** the Commissioner's motion for summary judgment (Dkt. No. 14);

4. **DENIES** Stalnaker's motion for summary judgment (Dkt. No. 10);

5. **DISMISSES** this civil action **WITH PREJUDICE** and **DIRECTS** that it be **STRICKEN** from the docket of this court.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: July 6, 2016

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE